THOMAS *v.* PAYNE.

Under the act of January 20th, 1852 (Code, ₴2593), an executor who,
in the discharge of his duty, is required to travel out of the
county of his residence, is entitled to his actual disbursements, and
the ordinary may allow him a *per diem* compensation, although he
may have changed his residence one or more times since obtaining

his letters testamentary, and although the travel involved may be in going to the county having jurisdiction of the administration of the will and the same county in which the executor resided at the time he was appointed and qualified. Inasmuch as a citizen has the right to change the county of his residence at will, every such change made in good faith is to be regarded as making the county to which he removes "his" county or the county of his residence.

December 23, 1891.                                    *Judgment reversed.*

Executors. Residence. Before Judge Milner. Catoosa superior court. August term, 1891.

The issue between Thomas as plaintiff, and W. H. Payne, executor of T. J. Payne, as defendant, as to certain charges and expenses which Thomas claimed as coexecutor with W. H. Payne on the estate of T. J. Payne, was submitted to the judge below without the intervention of a jury. The court held that Thomas was entitled to $2 per day, $34 in all, for going outside to (of) Catoosa county to attend to the business of the estate, but was not entitled to pay for his services or his expenses in going from his home in counties to which he had been sent as minister of the gospel, to the county of Catoosa on business of the estate. To the portion of the decision refusing Thomas compensation and expenses as stated, he excepted. The pleadings were not sent up, it being stated in the bill of exceptions that no part of the pleadings threw any light on the question at issue.

The testimony introduced by plaintiff was, in substance : Thomas was a minister of the M. E. Church, South, at the time of his marriage to the daughter of testator in November, 1877, and before, but was at that time resting on account of ill health. Testator requested him to act as one of the executors, which he finally agreed to do after being urged by testator. Testator knew that he was a minister and member of the North Georgia Conference. Thomas lived in Catoosa county in the years 1878 and 1879, and was sent as pastor to various places without that county for the years following up to

the time of the trial. Besides the days spent in the service of the estate by Thomas in going to places outside of Catoosa county, after he left Catoosa county he had to go from his home in other places back to that county, and spent in attending to the business of the estate twenty-six days, and in traveling expenses over $40. For the defendant there was testimony that two of these trips last mentioned were made by Thomas because, by consent of all the heirs, Thomas had bid off all the property for his wife, but was not prepared to comply with the terms of the sale, which were cash, and it was agreed to give him time to pay the money, the property being bid off on one of the trips and paid off on the other. For one of these trips no charge was made for traveling expenses, and for the other a charge of $14.86. In the argument at the bar of this court counsel for plaintiff in error conceded that this charge was incorrect, and the decision here relates only to the other items.

R. J. & J. McCamy, for plaintiff in error.
W. H. Payne and McCutchen & Shumate, contra.